[Cite as *State v. Bilyk*, 2018-Ohio-1802.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSEPH BILYK | : | Case No. 17-CA-79 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Licking County
                                                                  Municipal Court, Case No. No. 17
                                                                  CRB 00369




JUDGMENT:                                          Affirmed




DATE OF JUDGMENT:                          May 7, 2018




APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

J. MICHAEL KING                               KEVIN J. GALL
Assistant Law Director                          Burkett & Sanderson, Inc.
City of Newark                                      73 North Sixth Street
40 W. Main Street                                 Newark, Ohio 43055
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   Appellant, Joseph Bilyk, appeals his conviction for domestic violence, a violation of R.C. 2919.25(C) and a fourth degree misdemeanor, in the Licking County Municipal Court.  Appellee is the State of Ohio.

FACTS AND PROCEDURAL POSTURE

{¶2}   Appellant and Jill Herrington-Bilyk have been married for 2 years, have an 18-month-old daughter and, at the time of the incident that forms the basis of the charges, they resided together in Licking County.  Ms. Herrington-Bilyk had planned to go to appellant's parents' home with her daughter on February 24, 2017 after she finished work. She was preparing to leave for work and to take her daughter to the babysitter when appellant asked her for money. She refused and the appellant became angry. She testified that appellant grabbed her by the upper body, threw her to the bed, and started shaking her violently while she was on the bed.  He started screaming wordlessly, putting his face close enough to his wife's face that she felt as if he were spitting on her while yelling. The child was on the same bed and was crying during the confrontation.

{¶3}   When appellant released Ms. Herrington-Bilyk, she grabbed her daughter and fled in fear without putting shoes or a coat on the child.  She delivered the child to the babysitter and went to the Johnstown Police Department where she discovered that she lived outside the Village, so the Licking County Sheriff's Office had jurisdiction. She contacted the Sheriff's office and Deputy Brill responded and spoke with her. During his testimony, Deputy Brill recalled that Ms. Herrington-Bilyk was disheveled, upset and clearly had been crying.

**{¶4}** Appellant denies any argument took place, that he was screaming or that he shook his wife. He contends there was some discussion about whether the parties' daughter should be taken to the babysitter that day, or whether he should watch their daughter and deliver her to Ms. Herrington-Bilyk at her place of work. Appellant testified that he was aware that his wife and daughter were going to Youngstown after his wife finished work. However, in a handwritten statement made by appellant after he was arrested he stated that "my wife mentioned that she was leaving town with my 19 month old daughter but would not give further details about the trip." (Defendant's Exhibit A). Within the same statement he contended "we raised our voices," but during his testimony when asked whether his voice was elevated he responded "barely we were more condescending may be a little irritated towards each other but there was no yelling or I mean it just it did not happen." (Transcript, P. 100, lines 6-8).

**{¶5}** Mr. Bilyk was charged with one count of domestic violence in violation of R.C. 2919.25(C) a misdemeanor of the fourth degree. He was arraigned on February 27, 2017 and, on July 31, 2017, the case was presented to a jury. He was found guilty and sentenced to 17 days in jail, with credit for 3 days served, and fined $250.00.

**{¶6}** On September 19, 2017 appellant requested leave to file an untimely notice of appeal and on November 2, 2017 we granted his motion. Appellant filed his notice of appeal and submitted two assignments of error:

**{¶7}** I. THE DEFENDANT-APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE BY THREATS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶8} II. THE CONVICTION OF THE DEFENDANT-APPELLANT FOR DOMESTIC VIOLENCE BY THREATS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## STANDARD OF REVIEW

{¶9} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held as follows: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶10} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering

a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." Id.

**{¶11}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

## ANALYSIS

**{¶12}** Appellant was charged with one count of a violation of R.C. 2919.25(C) which states:

(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.

**{¶13}** Ms. Herrington-Bilyk testified appellant was unemployed, was abusing alcohol, and that she and appellant were having marital problems. On February 24, 2017, after she refused appellant's request for money, appellant "came around the bed he grabbed me by my upper body and flung me around and threw me down on the bed and started shaking me violently and he got his nose like this close to my face and just started screaming like it was it was… quite shocking and…" (Trial transcript, page 61, lines 1-6). Ms. Herrington-Bilyk testified that she grabbed her daughter off the bed and went out of the house without putting a coat or shoes on her daughter because she was upset and did not know what to do. She emphasized that she was shaken violently by appellant and

testified that she had a "bit of a neck ache after… after it happened." (Trial transcript, p.65, lines 14-15). She testified that she was afraid because she did not know what appellant was capable of doing and did not know what he was going to do. She confirmed she was afraid of appellant during the incident and that she was still frightened even while she was talking with the investigating officer. When she learned the appellant was to be released from jail she asked her father to stay with her and, on the day of the incident, she petitioned the court for a civil protection order.

{¶14} Appellant presented his own testimony and essentially denied Ms. Herrington-Bilyk's version of the event. He admitted to a heated discussion about care arrangements for their child, but denies that he grabbed Ms. Herrington-Bilyk, threw her on the bed, or screamed in her face.

{¶15} Appellant contends that the state's case must fail because appellant never uttered a verbal threat. We disagree and instead adopt Twelfth District's finding that "[t]here is no logical support for [a] claim that a threat of force must be accompanied by a verbal statement." *State v. Marshall*, 12th Dist. Madison No. CA2016-11-031, 2017-Ohio-9269, ¶ 22; See also *Gaydash v. Gaydash*, 168 Ohio App.3d 418, 2006–Ohio–4080, ¶ 16 (9th Dist.) and *State v. Rhoads*, 12th Dist. Clermont No. CA2012-05-040, 2013-Ohio-152, ¶ 26 "The offense of domestic violence requires fear inspired by the threat of force." *Gaydash,* supra. While appellant may not have verbally threatened his wife, his violent actions toward her and his wordless screams in her face can be viewed as a threat of force and, as Ms. Herrington-Bilyk testified, his actions did inspire fear.

{¶16} After a review of the record, we find that the state provided sufficient evidence if believed, would convince the average mind of the appellant's guilt beyond a

reasonable doubt. Further, we cannot state that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. For the forgoing reasons, the appellant's assignments of error are overruled and the decision of the trial court is affirmed.

{¶17} Costs assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Patricia A. Delaney, J. concur.